UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>TRENT ALLEN, et al.,<br><br>    Defendants. | Case No. 23-cv-04391-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Timothy Ray Baker alleges that correctional officers used excessive force on him in violation of the Eighth Amendment and that one officer acted out of retaliation. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Baker has stated cognizable Eighth Amendment excessive force claims against Salinas Valley State Prison correctional officers C. Tanori and R. Carrassco. He also has stated a First Amendment retaliation claim and a due process claim against Tanori. All other defendants and claims are DISMISSED. The Court directs defendants Tanori and Carrassco to file in response to the complaint a dispositive motion, or a notice regarding such motion, on or before **May 1, 2024**.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

1    prisoner seeks redress from a governmental entity or officer or employee of a
2    governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any
3    cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
4    upon which relief may be granted or seek monetary relief from a defendant who is immune
5    from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
6    *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

   A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

   Baker alleges that on August 18, 2022 at Salinas Valley State Prison, correctional officers C. Tanori and R. Carrassco used excessive force on him in violation of the Eighth Amendment. (Compl., Dkt. No. 1 at 3.)  He also alleges that Tanori acted in retaliation for Baker filing grievances against him and filed a false report against him in violation of due process. (*Id.* at 6.)  When liberally construed, Baker has stated Eighth Amendment excessive force claims against Tanori and Carrassco; a First Amendment retaliation claim against Tanori; and a due process claim against Tanori.

   All other claims and defendants are DISMISSED.  Baker's claim that Tanori

1    prevented him from receiving clean laundry because of his race is DISMISSED because
2    Baker provides no facts to sustain a claim of racial profiling.  (Compl., Dkt. No. 1 at 3.)
3    Also, a claim regarding the denial of clean laundry is unrelated to the excessive force and
4    retaliation claims.
5         Baker's claims against the warden, Trent Allen, and other supervisors are
6    DISMISSED.  Defendants cannot be held liable for a constitutional violation under 42
7    U.S.C. § 1983 "unless they were integral participants in the unlawful conduct."  *Keates v.*
8    *Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).  Furthermore, there is no respondeat superior
9    liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is not
10   enough that the supervisor merely has a supervisory relationship over the defendants; the
11   plaintiff must show that the supervisor "participated in or directed the violations, or knew
12   of the violations and failed to act to prevent them."  *Id.*
13        Nothing in the allegations shows that any supervisory defendant participated in,
14   directed, or otherwise was integral to, the alleged violations, despite Baker's allegations.
15   Baker alleges that he informed Lieutenant J. Parks on August 17, 2022 at a grievance
16   interview that Tanori was likely to retaliate against him because of Baker's grievances.
17   (Compl., Dkt. No. 1 at 11, 13.)  He said that Tanori was likely to interfere with his going to
18   the canteen the next day and that he had denied Baker access to clean laundry.  (*Id.* at 13,
19   15.)  He also alleges that Captain Erik Beam, who was involved in the grievance process,
20   had knowledge that Tanori would retaliate against him.  (*Id.*)  These allegations are
21   insufficient because neither Parks nor Beam would have known that Tanori would retaliate
22   by using excessive force.  The prior acts of retaliation (denial of laundry and canteen
23   access interference) were non-violent and would not have put Parks or Beam or any other
24   supervisor on notice of a violent retaliation.
25        Baker's claims against the grievance reviewers are also DISMISSED.  Mere
26   involvement in reviewing an inmate's administrative grievance does not necessarily
27   demonstrate awareness of an alleged violation, or contribute to the underlying violation.
28   *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).  "Only persons who cause or

3

1  participate in the violations are responsible." *Id.*  "Ruling against a prisoner on an

2  administrative complaint does not cause or contribute to the violation." *Id.*  Again, there

3  are no facts showing the grievance reviewers would have known that Tanori would use

4  excessive force against Baker.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The Court orders service of the complaint (Dkt. No. 1), and all attachments thereto, on defendants C. Tanori and R. Carrassco, both correctional officers at Salinas Valley State Prison, and orders these defendants to respond to the cognizable claims raised in the complaint.

2.  Service on these defendants shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents:  the complaint (Docket No. 1) and its attachments; this Order; a CDCR Report of E-Service Waiver form; and a summons.  The Clerk also shall serve a copy of this Order on the plaintiff.

3.  No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

4.  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 forms and copies of this Order, the summons and the complaint for service upon

4

each defendant who has not waived service.

5.     On or before **May 1, 2024**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

   a.   If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

   b.   Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

6.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

7.     Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

8.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9.     All communications by the plaintiff with the Court must be served on defendants, or on defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

10.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

1    Plaintiff is reminded that state prisoners may review all non-confidential material in
2  their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.
3  1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations
4  Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.
5  Requests to review these files or for copies of materials in them must be made directly to
6  prison officials, not to the Court.

7    Plaintiff may also use any applicable jail procedures to request copies of (or the
8  opportunity to review) any reports, medical records, or other records maintained by jail
9  officials that are relevant to the claims found cognizable in this Order. Such requests must
10 be made directly to jail officials, not to the Court.

11    11.   It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the
12 Court informed of any change of address and must comply with the Court's orders in a
13 timely fashion. Failure to do so may result in the dismissal of this action for failure to
14 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15    12.   Extensions of time must be filed no later than the deadline sought to be
16 extended and must be accompanied by a showing of good cause.

17    13.   A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be
18 given "notice of what is required of them in order to oppose" summary judgment motions
19 at the time of filing of the motions, rather than when the court orders service of process or
20 otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir.
21 2012). Defendant shall provide the following notice to plaintiff when he files and serves
22 any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any

fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

14. The Clerk shall terminate all defendants with the exceptions of Tanori and Carrassco.

**IT IS SO ORDERED.**

**Dated:** January 3, 2024



WILLIAM H. ORRICK
United States District Judge